1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7   RAGHAVAN SATHIANATHAN,              Case No. C-04-02130 SBA (JCS)

8          Plaintiff(s),              **ORDER DENYING PLAINTIFF'S**
                                      **MOTION TO COMPEL SMITH BARNEY**
9   v.                               **FOR INFORMATION, ADMISSIONS, AND**
                                      **DOCUMENTS [Docket No. 221] AND**
10  SMITH BARNEY, INC.,              **GRANTING IN PART DEFENDANT'S**
                                      **MOTION FOR PROTECTIVE ORDER**
11         Defendant(s).             **[Docket No. 222]**
    _____/
12

13         Plaintiff, Raghavan Sathianathan ("Plaintiff"), filed a motion entitled "Motion to Compel

14  Smith Barney for Information, Admissions, and Documents" ("Plaintiff's Motion") [Docket No.

15  221]. Defendant, Smith Barney, Inc. ("Smith Barney" or "Defendant"), filed a motion entitled

16  "Motion for Protective Order" ("Smith Barney's Motion") [Docket No. 222]. The Court found that

17  both Motions were appropriate for disposition without oral argument and took the matters under

18  submission prior to the July 27, 2007 hearing. Having reviewed all of the parties' submissions in

19  support of and in opposition to the Motions, for good cause appearing, and for the reasons stated

20  below, Plaintiff's Motion is DENIED and Smith Barney's Motion is GRANTED IN PART.

21                        **I.    INTRODUCTION**

22         Plaintiff and Smith Barney participated in an arbitration which concluded with an award on

23  March 22, 2004. Declaration of Michele R. Fron in Support of Motion for Protective Order ("Fron

24  Decl.") at ¶ 2. Plaintiff lost the arbitration, and subsequently filed an action in this court seeking to

25  vacate the arbitration award [Docket No. 1]. In response, Smith Barney filed a motion to confirm

26  the award, which was granted on February 25, 2005 [Docket No. 92]. Plaintiff then filed a motion

27  under Rule 60 of the Federal Rules of Civil Procedure seeking to set aside the February 25, 2005

28  Order, and later filed a Renewed Rule 60 Motion on May 1, 2006 (the "Renewed Rule 60 Motion")

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   [Docket No. 200]. In connection with the Renewed Rule 60 Motion, the court granted "limited"

2   discovery on June 20, 2006 [Docket No. 216].

3        Plaintiff proceeded to use the limited permission granted by the court to bombard Defendant

4   with voluminous discovery. Even without the discovery that Plaintiff addressed to Defendant's

5   counsel rather than Defendant, Plaintiff has propounded 193 separate document requests, nine

6   requests for admissions, and, including sub-parts, many more than the limit of 25 interrogatories

7   allowed by Rule 33 of the Federal Rules of Civil Procedure. These discovery requests were not only

8   astonishing in volume, they were inappropriate in breadth: the discovery requests went well beyond

9   the limited subjects referred to in the court's June 20, 2006 Order. Smith Barney responded to the

10  discovery to the extent that it addressed the issues on which it claimed the court had allowed

11  discovery, and declined to respond to the remainder. Plaintiff then filed his Motion, and Smith

12  Barney moved for a protective order. Smith Barney's Motion is well-taken. Accordingly, the

13  Protective Order is GRANTED, except as described below.

14                 **II.   BACKGROUND**

15       In 2004, Plaintiff and Defendant went to arbitration before a panel of three arbitrators. The

16  arbiters were Chairperson Harve Citrin, Esq., Industry Panel Member James Murray, and Public

17  Arbitrator Joseph Berzok, Esq. February 25, 2005 Order at 2. The arbitrators presented an oral

18  award to the parties on March 22, 2004, which was followed by a written award on April 29, 2004.

19  That award dismissed all of Plaintiff's claims against Defendant. Defendant was awarded $10,000

20  on its counterclaim against Plaintiff. February 25, 2005 Order at 3.

21       Subsequently, Plaintiff filed this action to vacate, and Defendant moved to confirm the

22  arbitration award. On February 25, 2005, the court confirmed the arbitration award and denied

23  Plaintiff's motion to vacate the arbitration award. February 25, 2005 Order at 16. Subsequently,

24  Plaintiff filed numerous motions, including a motion under Rule 60 of the Federal Rules of Civil

25  Procedure seeking to vacate the February 25, 2005 Order (the "Rule 60 Motion").

26       The court heard oral argument on the Rule 60 Motion, as well as other motions, on January

27  31, 2006. During the argument, the court required Plaintiff to identify all of the bases on which he

28  sought to vacate the February 25, 2005 Order. Transcript of January 31, 2006 Argument at 11-13,

attached as Exhibit 5 to the Declaration of Plaintiff Raghavan Sathianathan in Support in Opposition

to Motion for Protective Order to Discontinue Discovery ("Plaintiff's Decl.").  Plaintiff identified

three bases for his Rule 60 Motion: (1) that defense counsel had made a false statement to the court

that "Arbitrator Murray had arbitrated only one arbitration . . . in which Keesal, Young & Logan had

represented a party and that party was not Smith Barney"; (2) that defense counsel had "stated that

[Plaintiff] had signed a waiver of disclosure form about arbitrator disclosure, when there was no

such thing"; and (3) that defense counsel stated that "the dismissal of [Plaintiff's] claims was based

on failure to state a claim instead of it actually being as the arbitration award states, supposed failure

to meet the burden of proof." *Id.* at 12.  The court inquired of Plaintiff whether "there is anything

else other than what you have just articulated you are asserting as the basis of misconduct?" *Id.* at

13.  Plaintiff responded "No." *Id.*  At the conclusion of the hearing, the court indicated that it would

be willing to reconsider its February 25, 2005 Order. *Id.* at 36.

Subsequently, Plaintiff filed a Renewed Rule 60 Motion [Docket No. 200] and requested

discovery in anticipation of the Renewed Rule 60 Motion [Docket No. 194].  The Renewed Rule 60

Motion sought relief from the February 25, 2005 Order on the basis of newly discovered case law

and evidence.  Renewed Rule 60 Motion at 1.  It also alleged that Defendant and its counsel had

committed "fraud . . . misrepresentation or other misconduct" by making material misrepresentations

to the court in obtaining the February 25, 2005 Order. *Id.*[1]  The Renewed Rule 60 Motion alleged

the following misconduct by Defendant and defense counsel:

> (1) Assertion of a contribution claim in the arbitration in violation of California law.
> Renewed Rule 60 Motion at 6-7.

> (2) Misrepresentation by defense counsel of the existence of a signed waiver of
> disclosure form. *Id.* at 11.

> (3) Misrepresentation by defense counsel of the contacts between Arbitrator Murray and
> defense counsel or Defendant at prior arbitrations. *Id.* at 11-12.

---

[1] The discovery sought is necessarily limited to this last ground.  The "newly discovered" case law and evidence asserted in the Renewed Motion were already referenced in the papers filed by Plaintiff, and, therefore, no discovery on those grounds was necessary.  However, the court did grant discovery on the alleged misrepresentations.

United States District Court

For the Northern District of California

(4)    Arbitrators Citrin and Berzok failed to make certain disclosures in the arbitration.

*Id.* at 15, 21.

The court noted that some preliminary discovery before a ruling on a Rule 60 Motion is appropriate so long as a "party acts in good faith and makes out a reasonable case that discovery might lead to relevant information." June 2, 2006 Order at 2. The court concluded that Plaintiff had made such a reasonable case. The court cited the fact that it was "undisputed that Defendant made misrepresentations to the Court . . . that the Court relied on . . . in its February 25, 2005 Order." *Id.* In conclusion, the court agreed that "[t]hese facts warrant certain limited discovery with respect to the issues raised by Plaintiff's Renewed Rule 60 Motion." *Id.*

The court's permission to conduct limited discovery was necessarily limited to the listed subjects. Those subjects, as articulated in the June 2, 2006 Order, are limited to the misrepresentations by Defendant and its counsel to the court that were relied on by the court in the February 25, 2005 Order. As described by Plaintiff both on the record on January 31, 2006, and in the Renewed Rule 60 Motion, those subjects are misrepresentations concerning: (1) the contacts between Arbitrator Murray and Defendant or its counsel at arbitrations before the instant arbitration; (2) the existence of a waiver of disclosure form; and (3) the claim that the arbitrators dismissed Plaintiff's claims for failure to state a claim.

No discovery was authorized on the other matters now raised in the Renewed Rule 60 Motion. Nor was any other discovery appropriate. No discovery is necessary on the "newly discovered" case law and evidence unrelated to the misrepresentations, as Plaintiff already has the "newly discovered" evidence and has brought it to the court's attention in the Renewed Rule 60 Motion. Nor is discovery appropriate on the arguments that Defendant raised an improper counterclaim in the arbitration. Plaintiff's argument on that issue is based entirely on a question of law and no discovery is necessary. Finally, no discovery is appropriate into the claim that the other two arbitrators – Citrin and Berzok – failed to make certain disclosures in the arbitration. Plaintiff has made no claim that Defendant misled the court regarding the Citrin and Berzok disclosures, which the court relied on in the February 25, 2005 Order. Again, he has brought evidence to the

**United States District Court**
For the Northern District of California

1  court on the alleged failure to disclose by these two arbitrators, and the court will decide if that

2  evidence is "newly discovered" or otherwise falls within the requirements of Rule 60.

3       Accordingly, the court now addresses whether the discovery sought by Plaintiff, beyond that

4  already provided by Defendant, is relevant to the claimed misrepresentations.

5  ### III.    DISCOVERY

6       Plaintiff's discovery began on April 4, 2006, when he served the "Request for Information

7  and Documents Related to the Renewed F.R.C.P. Rule 60 Motion for Relief from February 24, 2005

8  Order" addressed to the custodians of record of Keesal, Young & Logan.  Defendant Smith Barney's

9  Notice of Lodgment in Support of its Motion for Protective Order ("Lodgment") at Ex. 1 (the "First

10  Request").  The First Request contained 16 paragraphs more properly characterized as

11  interrogatories.  Many of those 16 paragraphs had multiple sub-parts.  The First Request also

12  contained nine requests for admissions and 70 separate document requests.

13       On April 5, 2006, Plaintiff served a document called the "Supplemental Request for

14  Information and Documents Related to Renewed F.R.C.P. Rule 60 Motion for Relief from February

15  24, 2005 Order (the "Supplemental Request").  The Supplemental Request was again addressed to

16  the custodian of records of Keesal, Young & Logan.  The Second Request contained 17 new

17  separate requests for the production of documents and corrected a number of the document requests

18  and requests for admissions from the previous discovery request.

19       Perhaps realizing that the service of interrogatories, requests for admissions and document

20  requests addressed to a custodian of record of counsel was improper under the Federal Rules of Civil

21  Procedure, on April 17, 2006, Plaintiff served on Smith Barney a document entitled "Volume II of

22  Request for Information and Documents Related to the Renewed F.R.C.P. Rule 60 Motion for Relief

23  from February 24, 2005 Order" (the "Volume II Request").  The Volume II Request contained

24  inquiries properly described as interrogatories, requests for admissions, and document requests.  The

25  Volume II Request contained 16 interrogatories, many with multiple sub-parts.  In addition, it

26  contained nine requests for admissions and 87 separate document requests.

27       Defendant responded to the Volume II Request.  Lodgment at Ex. 4.  Defendant also filed a

28  Supplemental Response to the Volume II Request.  Lodgment at Ex. 5.  As detailed in the

**United States District Court**
For the Northern District of California

1   Supplemental Response, Defendant produced documents regarding the investigation by Keesal,

2   Young & Logan (and Michele Fron of that firm) regarding the subject matter of the representations

3   described by Plaintiff in the January 31, 2006 argument of his Rule 60 Motion.  *See, e.g.*, Lodgment,

4   Ex. 5 at Resp. to Doc. Req. Nos. 1-10.  In addition, Defendant represented that it had no documents

5   responsive to the Volume II Request concerning any business, professional, personal, or financial

6   relationship between Arbitrator Murray and Keesal, Young & Logan, with the exception of

7   arbitrations in which Keesal, Young & Logan may have represented a party.  With respect to all

8   arbitrations in which Mr. Murray was a participant and in which Keesal, Young & Logan

9   represented a party, Defendant produced responsive documents regarding arbitrations that occurred

10  before March 2004 – the date of the arbitration award in this case.  *See* Lodgment, Ex. 5 at Resp. to

11  Doc. Req. No. 41.  Presumably, Defendant chose that date because only arbitrations that occurred

12  before that date could have been disclosed by the arbitrators in this matter.  Defendant also agreed to

13  produce all awards from arbitrations in which Arbitrator Murray was a panelist and in which Smith

14  Barney was a party that occurred before March 2004.  *See* Lodgment, Ex. 5 at Resp. to Doc. Req.

15  Nos. 42-44.  Defendant also agreed that Keesal, Young & Logan had never represented Arbitrator

16  Murray.  *Id.* at Resp. to Doc. Req. No. 45.

17      In response to the requests for information in the Volume II Request, Defendant answered in

18  detail interrogatories concerning the investigation conducted by Keesal, Young & Logan into

19  Arbitrator Murray's connections with Keesal, Young & Logan and with Smith Barney.  *Id.* at Resp.

20  to Req. for Info. Nos. 1-2.  Defendant also agreed to make Michele Fron, listed in this matter as an

21  attorney in the Long Beach, California office of Keesal, Young & Logan, available for deposition

22  for a full day in New York, Los Angeles, or Oakland.  *Id.* at Resp. to Req. for Info. No. 5.

23  Defendant also answered in detail questions regarding the misrepresentations made to the court that

24  formed the basis of the Renewed Rule 60 Motion, as well as the investigation that led to those

25  representations.  Lodgment, Ex. 5, at Resp. to Req. for Info. Nos. 6-8, 10-14.

26      On the other hand, there were a number of requests in the Volume II Request that did not

27  concern the three alleged misrepresentations described to the court at the January 31, 2005 hearing.

28  Defendant declined to respond to these requests.  For example, Plaintiff sought discovery concerning

1  the investigation by Keesal, Young & Logan and Defendant **after** evidence had been filed with the

2  Ninth Circuit in the appeal of this case.  *See* Ex. 3 at Req. for Info. Nos. 3, 4, and 11-20.  Obviously,

3  those questions did not relate to the misrepresentations which were relied on by the court in issuing

4  the February 25, 2005 Order.  The subject of these requests for information concerned investigations

5  that occurred long after the February 25, 2005 Order was entered.

6          Plaintiff's willingness to ignore the restriction to "limited discovery" caused him to propound

7  some requests breathtaking in their scope.  Plaintiff sought documents on every arbitration in which

8  Keesal, Young & Logan represented a party from 1996 to 2005.  *Id.* at Doc. Req. No. 72.  Plaintiff

9  sought documents related to every arbitration that was filed from 1996 until 2005 in which Smith

10  Barney was a party.  *Id.* at Doc. Req. No. 73.  Plaintiff also sought, for the years 2000 to 2004,

11  Keesal, Young & Logan's annual billings for all clients for all work related to arbitrations and

12  arbitration-related litigation, as a percent of the total annual billings of that firm.  *Id.* at Doc. Req.

13  No. 66.  Similarly, Plaintiff asked for documents regarding the underlying issues in the arbitration in

14  this matter – which were not the subject of the misrepresentations that formed the basis of the Rule

15  60 Motion.  *Id.* at Req. for Info. Nos. 17-20.

16          Plaintiff next served a document entitled "Volume III of Request for Information and

17  Documents Related to the Renewed F.R.C.P. Rule 60 Motion for Relief from February 24, 2005

18  Order" (the "Volume III Request").  The Volume III Request contained nine new requests for

19  information, many of which included multiple sub-parts, and 105 new document requests.  The

20  Volume III Request was addressed to Defendant.

21          The Volume III Request continued Plaintiff's pattern of requesting information on subjects

22  unrelated to the misrepresentations at issue.  For example, he requested information on

23  investigations conducted by Keesal, Young & Logan during December 2005, and after April 2006 –

24  long after the February 25, 2005 Order challenged by the Rule 60 Motion.  Plaintiff propounded

25  overbroad requests that sought extensive information about Keesal, Young & Logan's and Smith

26  Barney's computers and information-sharing systems.  Volume III Req. Nos. 4-6.  Plaintiff sought

27  information regarding Michele Fron's beliefs regarding the specific arbitration rules, the NASD

28  Arbitration Rules, and the basis for those beliefs.  *Id.* at Nos. 7-9.  Similarly, the Volume III Request

**United States District Court**
For the Northern District of California

1   sought documents regarding counsel's investigations in matters that occurred many months, or even

2   years, after the February 25, 2005 Order. *See, e.g.*, Volume III Request for Production of Documents

3   Nos. 1-15.  Many of the document requests in the Volume III Request sought documents already

4   produced or covered by the Volume II Request.  In addition, there were some outlandish document

5   requests, such as a request to provide communications between attorneys Jody Wilson and Sean

6   Muntz at the Keesal, Young & Logan firm from September 1, 2004, to the present without any

7   subject matter limitations.  *See* Lodgment Ex. 7, at Doc. Req. No. 55.  Similarly, Plaintiff sought all

8   communications between attorneys Peter Boutin and Michele Fron from September 1, 2004, to the

9   present (*id.* at Req. For Prod. No. 57); and between attorneys Peter Boutin and Sean Muntz for the

10  same time period and, again, without any subject matter limitations.

### IV.   ANALYSIS

12          As the district court noted in its Order, discovery in connection with a Rule 60 Motion is

13  limited – and Plaintiff has disregarded these limitations.

14          Discovery preliminary to a ruling on a Rule 60 Motion is only permitted where the moving

15  party makes out a "reasonable case" that discovery might lead to relevant information.  June 2, 2006

16  Order at 2.  Here, the court ruled that Plaintiff made such a showing with respect to allegations in the

17  Rule 60 Motion that Defendant had made misrepresentations to the Court.  *Id.*  Those

18  misrepresentations, as detailed in the record of the January 31, 2006 hearing, were limited to three

19  questions: (1) Did Defendant's counsel misrepresent, before the February 25, 2005 Order, the prior

20  arbitrations in which Arbitrator Murray was an arbitrator and in which Smith Barney or the Keesal,

21  Young & Logan firm participated; (2) Did Defendant's counsel misrepresent, before the February

22  25, 2005 Order, that Plaintiff had signed a waiver of disclosure form; and (3) Did Defendant's

23  counsel misrepresent, before the February 25, 2005 Order, that Plaintiff's arbitration claims had

24  been dismissed for failure to state a claim, as opposed to failure to meet Plaintiff's burden of proof at

25  the arbitration? *See* January 31, 2006 Transcript at 11-13.  Similarly, as described above, the

26  misrepresentations and misconduct in this court by Defendant and defense counsel alleged in the

27  Renewed Rule 60 Motion were limited to: (1) misrepresentations to the court concerning Arbitrator

28  Murray; and (2) misrepresentations to the court regarding the waiver of disclosure form.  Renewed

United States District Court

For the Northern District of California

1  Rule 60 Motion at 11-12.  As a result, the court ordered "certain limited discovery" with respect to

2  these issues.  June 2, 2006 Order at 2.

3      It is apparent that Plaintiff has had extensive and sufficient discovery on these issues.

4  Defendant has answered interrogatories in detail and produced many documents regarding these

5  issues.  In addition, it has offered to make the attorney responsible for the investigation, Michele

6  Fron, available for a full day of deposition at a location convenient to Plaintiff.  This is more than

7  sufficient discovery for Plaintiff to be able to notice his Renewed Rule 60 Motion.[2]

8      The Court has reviewed every discovery request proffered by Plaintiff.  The Court finds that,

9  with the exceptions of the discovery already produced, those requests are nothing more than a

10  fishing expedition.[3]  Although the Federal Rules of Civil Procedure do not set a limit on the number

11  of document requests, the 192 document requests contained in the Volume II and III Requests are

12  not the "limited" discovery that the court permitted.  After examining the requests in detail, other

13  than those that have been responded to, the Court finds that the remaining document requests,

14  requests for information, and requests to admit, are not reasonably likely to lead to the discovery of

15  relevant evidence on the subjects at issue in the Rule 60 Motion.

16      Accordingly, Plaintiff's Motion to Compel is DENIED.  Defendant's Motion for Protective

17  Order to Discontinue Discovery is GRANTED IN PART.  Plaintiff may take no further discovery

18  concerning the subject matter of his Renewed Rule 60 Motion, or any other matter, without leave of

19  court, except that Plaintiff may take the deposition of Michele Fron for one day, within thirty (30)

---

[2] It is the Court's view that no discovery is necessary regarding the question of whether or not defense counsel misrepresented the stated basis for the arbitrators' dismissal of Plaintiff's claims at the arbitrations.  The basis for the arbitrators' dismissal, according to Plaintiff, appears on the face of the arbitrators' order. *See* Renewed Rule 60 Motion at 18.  Accordingly, no discovery is necessary into this question.

[3] It is worth noting, in this connection, that on February 21, 2007, a United States district judge in the Southern District of New York issued an anti-suit injunction against Plaintiff in the case of *Sathianathan v. Smith Barney, et al.*, No. 04-Civ-7122 (DAB) (FM), attached as Exhibit K to the Declaration of Michele R. Fron in Support of Smith Barney's Motion for a Protective Order. That injunction bars Plaintiff from filing or serving any new action in any federal court against Smith Barney, Michele Fron, and others based on Plaintiff's vexatious use of litigation. *Id.* at 20-21.

1   days from the date of this order.  The parties are to arrange for a mutually-agreeable time/date for

2   that deposition.

3       IT IS SO ORDERED.

4

5   Dated: August 23, 2007

6                                                                  _____
                                                                   JOSEPH C. SPERO
7                                                                  United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California